IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

UNITED STATES OF AMERICA,
     Plaintiff,

v.

BRADLEY A. LAIN,
     Defendant.

Case No. 4:10-CR-40053-3-JEH

**Order**

Now before the Court is the Defendant, Bradley Lain's, *pro se* motion for early termination of supervised release (D. 368), along with his counsel's amended motion seeking the same relief. (D. 370). [1] For the reasons stated, *infra*, the motion is denied.

**I**

On September 22, 2011, the Court sentenced Lain to 240 months in prison and the statutory minimum term of supervised release of 10 years, 21 U.S.C. § 841(B)(1)(a), for the offense of Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Methamphetamine. On October 11, 2012, Judge Mihm reduced Lain's imprisonment term to 180 months. On April 21, 2015, Lain's sentence was further reduced to 101 months following an 18 U.S.C. § 3582(c)(2) motion. Following release from prison and now approximately 75 months into his term of supervised release, Lain seeks to terminate his supervised release early.

In support of his motion, Lain posits: 1)  His exceptional behavioral record while in BOP Custody, including completion of 28 self-improvement programs and the non-residential drug abuse program; 2) his rehabilitative efforts during his term of supervised release, including establishing stable employment and relationships

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

with his family members; and 3) his low/moderate risk status with the U.S. Probation Office and the minimal level of supervision currently being implemented. (D. 370 at ECF pp. 3-5). Considering these facts, Lain argues that he meets the standard for early termination of supervised release as set forth at 18 U.S.C. § 3583(e)(1). *Id*. at ECF p. 8.

The Government's response in opposition to Lain's motion argues that Lain's history on supervised release demonstrates a pattern of doing well for a period of time and then encountering some difficulty or setback that requires the intervention of the U.S. Probation Office. (D. 371 at ECF pp. 8-9). Since his supervised release commenced in February of 2019, Lain has been placed on code-a-phone drug testing three times by the U.S. Probation Office. *Id*. at ECF p. 6. On November 17, 2021, Lain was placed on code-a-phone drug testing following self-reporting to the U.S. Probation Office that he used methamphetamine. *Id*. at ECF p. 3. The sweat patch test applied to him in December of 2021 confirmed he was positive for methamphetamine. *Id*. Following this relapse in December of 2021, a Modification of Conditions was submitted to the Court by the U.S. Probation Office that required Lain to serve one weekend in intermittent confinement based on violations of his supervised release conditions. *Id*. at ECF p. 4. In addition, Lain was referred for a substance abuse evaluation which he ultimately completed in January of 2022. *Id*. More recently, in January of 2024, Lain was hospitalized for five days following a mental health episode in which he left his wife a suicidal message and took an overdose of his prescribed Xanax medication. *Id*. Immediately following, he was placed back on code-a-phone drug testing by the U.S. Probation Office in February of 2024 and successfully completed it for the third time. *Id*. at ECF p. 5. The Government argues that Lain's time on supervised release has demonstrated he still needs the supervisory services of the U.S. Probation Office during intermittent mental health and substance abuse struggles. *Id*. at ECF pp. 8-9. The Government and the U.S. Probation Office both oppose Lain's motion for early termination of his supervised release at this time. *Id*.

**II**

**A**

Pursuant to 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release after one year if it is warranted by the defendant's conduct and the interests of justice. A defendant need not demonstrate more than perfect, or even just perfect, conduct while on supervision; what he must demonstrate is that he has met the statutory factors for an early termination as set forth in § 3583(e).[2] *See United States v. Crisp,* ___ F.Supp.3d ___, No. 2:13-cr-20050-1, 2025 WL 819126, at *10-11; 18 U.S.C. § 3583(e). A defendant's behavior needs to demonstrate that he has been rehabilitated such that he no longer poses a danger to the community. *Id.* at *4-5.

If a defendant has spent at least one year on supervision, a court must next consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), a(5), a(6), and a(7) as required by 18 U.S.C. § 3583(e). Sections 3553(a)(1) and 3583(e) mandate a court consider the nature and circumstances of the offense and the history and characteristics of the defendant. These factors should be considered in such a way as to inform how these factors impact the goals of supervised release. Sections 3553(a)(2)(B), (C), and (D), as required by § 3583(e), require a court to consider the deterrence of future criminal conduct, protecting the public from further crimes of the defendant, and providing the defendant with adequate resources while on supervised release. Finally, a court is to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty because of similar conduct." 18 U.S.C. § 3553(a)(6).[3]

**B**

---

[2] A court may, but is not required to, consider § 3553(a)(2)(A) when evaluating an early termination motion, unlike when deciding whether and for how long to impose a prison sentence. *Crisp,* at *4-5. This Court exercises its discretion not to do so in light of the fact that punishment is not a purpose of supervised release and thus punitive factors should not be considered.

[3] Sub-section 3553(a)(3) is excluded from factors a court must consider as set forth in § 3583(e), and subsections (a)(4) and (a)(5) only have applicability to imposition and revocation of a supervised release term, not an early termination. Subsection (a)(7) relates to restitution, which is inapplicable in this case.

In the present case, the balance of factors weighs in favor of denying Lain's motion for early termination of supervised release at this time.

First, looking to the nature and circumstances of Lain's offense and his personal history and characteristics, 18 U.S.C. § 3553(a)(1), Lain's underlying criminal offense stems from his involvement in a methamphetamine production and distribution scheme in Kewanee, Illinois from 2006-2010. While on supervised release, Lain admitted he briefly relapsed on methamphetamine in November of 2021, and required the services of the U.S. Probation Office. In January of 2024, Lain contends he was hospitalized for 5 days following a Xanax overdose, which he characterizes as a reckless disregard of his prescribed dose. Following each incident, he was placed on code-a-phone drug testing by the U.S. Probation Office and received mental health counseling. This behavior while on supervised release demonstrates there is still some risk of Lain falling back into the same behavior that ultimately landed him on supervised release in the first place. While this factor is not dispositive, and while Lain's most recent behavior would seem to indicate a clear intent to be completely rehabilitated, these few "falls off the wagon" throughout his term of supervised release indicate Lain presents at least some risk of again violating the law and presenting a danger to the public.

Regarding the need to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553 (a)(2)(B), Lain claims he does not mind being on supervision, and surely, Lain is receiving far stronger incentive than his supervised release conditions to not return to a life of crime. Like the defendant in *Crisp*, "the benefits of living a healthy, stable, crime free life are doing the deterrence here." *Crisp*, at *8. However, unlike the defendant in *Crisp*, during a few tough moments throughout his supervised release term, the U.S. Probation Office has had to intervene, in part to continue to deter Lain from returning to a life of crime.

Regarding general deterrence, also discussed in *Crisp*, giving supervisees a pathway to get out from under the thumb of the federal government by performing

well on supervised release can incentivize people to comply with their terms of supervision, thereby deterring them from committing new criminal offenses. As Lain has acknowledged, there is not much of a burden placed on him with the conditions that are currently being imposed by the U.S. Probation Office. He is receiving the lowest level of supervision and has admitted this it is not much of a nuisance to him. Recently, Lain has not had a problem with any drug or mental health difficulties and in turn, the need for intervention has subsided. However, taking into consideration the big picture of Lain's entire period of supervised release, this Court does see a pattern emerge of stability that gets interrupted with the need for intervention every once in a while from the U.S. Probation Office.

Regarding protecting the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(C), this factor weighs slightly in favor of denying early termination, for, as discussed, *infra*, Lain's conduct while on supervision does not demonstrate *complete* rehabilitation, which would assure the public is protected from future crimes he might otherwise commit.

The last significant factor to weigh in the balance is the need for the supervised release term to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner". 18 U.S.C. § 3553(a)(2)(D). This weighs in favor of denying early termination. The services provided to Lain by the U.S. Probation Office are minimal right now, but their intervention during specific times on Lain's supervised release have proved necessary to steer him back to a path of stability and rehabilitation. Following each of Lain's troubles that have arisen with his mental health or drug relapses while on supervised release, the U.S. Probation Office has successfully intervened by providing the adequate resources to ensure Lain has a clear path back toward rehabilitation. At least three times while Lain has been on supervised release, the services and intervention of the U.S. Probation Office have proved themselves valuable to the defendant by providing and facilitating necessary care.

### III

A final word about Lain's conduct while on supervised release. This Court commends Lain's progress and rehabilitative efforts that he has exhibited throughout his time in BOP custody and while on supervised release. Even those on supervised release cannot be expected to be completely perfect. Everyone, at some point, will make a mistake, exercise poor judgment, or "fall off the wagon". However, this Court would like to see a longer demonstration of stability and rehabilitation before supervised release is terminated, along with no required interventions of the U.S. Probation Office. So long as Lain keeps on the path towards complete rehabilitation, he should not be discouraged from re-raising this motion in the future. For the reasons stated, *supra*, Defendant's motion for early termination of supervised release (D. 368), along with his counsel's amended motion seeking the same (D. 370) is denied at this time.

*It is so ordered.*

Entered on June 11, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE